877 F.2d 304
 Samuel COAKLEY, Plaintiff-Appellee,
v.
W. Don WELCH, Executive Director, South Carolina State Ports
Authority and; Henry Tecklenburg, Jr.; H. Don McElveen;
Robert V. Royall, Jr.; James B. Moore; Joseph P. Griffith;
Harry A. Chapman, members of the Board of the South
Carolina State Ports Authority, Defendants-Appellants,
and
South Carolina Ports Authority; Thomas F. Hartnett, member
of the Board of the South Carolina Ports Authority;
Theodore Guerard, member of the Board of the South Carolina
State Ports Authority; Ernest L. Willis, member of the
Board of the South Carolina State Ports Authority, Defendants.
 No. 88-2905.
 United States Court of Appeals,
Fourth Circuit.
 Argued March 9, 1989.
Decided June 9, 1989.
 
 James Bernard Spears, Jr. (Haynsworth, Baldwin, Miles, Johnson, Greaves and Edwards, Greenville, S.C., William H. Vaughan, Jr., Vaughan, Robson & Lawrence, Charleston, S.C., on brief), defendants-appellants.
 Armand Georges Derfner, Charleston, S.C., for plaintiff-appellee.
 Before ERVIN, Chief Judge, CHAPMAN, Circuit Judge, and WILLIAMS, United States District Judge for the Eastern District of Virginia, sitting by designation.
 ERVIN, Chief Judge:
 
 
 1
 The issue in this appeal is whether the district court correctly refused to dismiss several officials of the South Carolina State Ports Authority ("SPA") from a suit brought by Samuel Coakley, a terminated SPA employee. The court concluded that the officials did not enjoy eleventh amendment immunity from an action for injunctive relief. The court also refused to conclude that the officials had no part in the decision to terminate Coakley. We affirm.
 
 I.
 
 2
 The SPA terminated Coakley, a cargo supervisor, in December, 1986, after three truckers claimed he had forced them to pay bribes to have their trucks unloaded. Coakley demanded a hearing before an SPA panel, as was his right under SPA regulations. The panel recommended that the SPA's executive director confirm Coakley's termination. Confirmation occurred in March, 1987.
 
 
 3
 On June 1, 1987, Coakley initiated this Sec. 1983 action, which includes a number of pendant claims. Coakley's federal claims were that he was terminated without cause, an event Coakley believes violated his right to due process, and that he was denied adequate pre- and post-termination process. Coakley's pendant claims alleged violations of analogous due process rights guaranteed under the South Carolina Constitution and breach of an employment agreement. Coakley sought compensatory damages and an injunction ordering his reinstatement.
 
 
 4
 On the defendants' Fed.R.Civ.P. 12(b)(6) motion, the district court dismissed the SPA, holding that it was a state agency immune from a damages suit under the eleventh amendment. The court also held that the individual defendants, sued in their capacity as SPA officials, could be subject to an injunction under the Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), exception to eleventh amendment immunity. The court observed, however, that defendants Willis, Hartnett, and Guerard had not been SPA officials at the time of Coakley's termination. The court therefore dismissed those three based on its conclusion that no theory of liability under Sec. 1983 could implicate them.
 
 
 5
 The remaining individual defendants (collectively "Welch") appeal from the decision excepting them from eleventh amendment immunity and refusing to dismiss them for lack of personal involvement. The district court did not certify its decision, so its order is appealable, if at all, under the collateral order doctrine of Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).
 
 II.
 A. Appealability
 
 6
 In Coopers & Lybrand v. Livesay, 437 U.S. 463, 468-69, 98 S.Ct. 2454, 2457-58, 57 L.Ed.2d 351 (1978), the court held that an order preceding a final decision on the merits is immediately appealable under Cohen if it "conclusively determine[s] the disputed question, resolve[s] an important issue completely separate from the merits of the action, and [will] be effectively unreviewable on appeal from a final judgment." (Citations omitted). Eleventh amendment immunity is a form of absolute immunity, expressed as a limit on the jurisdiction of the federal courts. Nixon v. Fitzgerald, 457 U.S. 731, 742, 102 S.Ct. 2690, 2697, 73 L.Ed.2d 349 (1982). Orders denying claims of absolute immunity are, as a general matter, immediately appealable under Cohen. Nixon, 457 U.S. at 742-44, 102 S.Ct. at 2697-98; Front Royal and Warren County Indus. Park Corp. v. Town of Front Royal, 865 F.2d 77, 79 (4th Cir.1989); Foremost Guar. Corp. v. Community Sav. & Loan, 826 F.2d 1383, 1386 (4th Cir.1987). We find no serious contention that the order denying immunity in this case does not fulfill the Cohen criteria, and accordingly accept Welch's appeal from the order.
 
 
 7
 We reject, however, Welch's contention that the second issue he would have us resolve is appealable at this time. Welch's absolute immunity argument amounts to a claim that he should not have to go through a trial, or indeed any federal judicial proceedings. See Mitchell v. Forsyth, 472 U.S. 511, 519, 105 S.Ct. 2806, 2811, 86 L.Ed.2d 411 (1985). Unlike the jurisdictional defense of absolute immunity, though, a claim of lack of personal involvement is a merits defense in a Sec. 1983 action, and Welch remains free to present the defense in a motion for summary judgment or at trial. We would be better able to review the district court's treatment of the defense, which will ultimately stand or fall on the evidence of Welch's position at the time of Coakley's termination, on an appeal from a final judgment than on the slim record before us today. For these reasons, we decline to entertain Welch's appeal from the portion of the district court's order that denied him dismissal for lack of personal involvement.[1]
 
 B. Eleventh Amendment
 
 8
 Coakley granted to the district court that a decision barring his damages action against the SPA on eleventh amendment grounds would equally bar a damages action against Welch. The decision as to damages having favored Welch, the only question for us is whether the court ought also to have held Welch immune from Coakley's claim for the injunctive remedy of reinstatement. We believe the district court was correct to permit Coakley to pursue injunctive relief.
 
 
 9
 Papasan v. Allain, 478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986), and McConnell v. Adams, 829 F.2d 1319 (4th Cir.1987), cert. denied, --- U.S. ----, 108 S.Ct. 1731, 100 L.Ed.2d 195 (1988), supply authority on this issue. Papasan indicates that Coakley has alleged a claim that falls within the purview of the Young exception. All that this requires is an assertion that "the underlying authorization upon which the named official acts is ... illegal." Id., 478 U.S. at 277, 106 S.Ct. at 2940. The SPA regulations containing the hearing requirement that Coakley believes flouts due process supply an underlying authorization.
 
 
 10
 Papasan held, though, that "the balance of federal and state interests that [Young ] embodies " recommends applying the Young exception only to cases alleging ongoing violations of federal law. Id. Papasan offered as a final observation on the matter that the difference between suits barred and litigable "will not in many instances be that between day and night." Id. 478 U.S. at 278, 106 S.Ct. at 2940 (quoting Edelman v. Jordan, 415 U.S. 651, 667, 94 S.Ct. 1347, 1357, 39 L.Ed.2d 662 (1974)). The narrow issue with which we must grapple, then, is the shadowy one of whether Welch has alleged an "ongoing violation" of law.
 
 
 11
 Papasan was an equal protection suit brought by a number of Mississippi municipal school officials and school children against various officials of the State of Mississippi. The suit alleged that a history of poor treatment by the State, amounting to a breach of trust, had resulted in severe financial disadvantages to the plaintiffs' school districts.
 
 
 12
 The Court found the defendants subject to suit under the eleventh amendment, holding that the "alleged ongoing constitutional violation--the unequal distribution by the State of the benefits of the State's school lands--is precisely the type of continuing violation for which a remedy may permissibly be fashioned under Young." 478 U.S. at 282, 106 S.Ct. at 2942. The Court found the essence of the complaint to be the present, and presumably ongoing, disparity in educational opportunity, and not the past actions of the State that had created the disparity. Id.
 
 
 13
 McConnell was an action brought by two former Virginia county registrars, both Republicans, who were not reappointed by their electoral boards after a Democratic governor took office. A Virginia statute required that a majority of the members of city and county electoral boards be members of the governor's party.
 
 
 14
 The McConnell panel affirmed a judgment holding that the registrars' rights had been violated and ordering reappointment. The panel held, as to the remedial aspect, that "[Virginia's] eleventh amendment immunity does not protect it from suits for injunctive relief governing its officials' future conduct...." 829 F.2d at 1329-30 (citing Young ).
 
 
 15
 McConnell is similar enough to this case to control, Welch's attempts to distinguish it notwithstanding. In this case, SPA regulations provide the underlying State authority for the conduct Coakley asserts deprived him of federal constitutional rights. We cannot see how Virginia's failure to reappoint the registrars is any more an "ongoing violation" of federal law than South Carolina's decision to fire Coakley.[2] For these reasons, McConnell provides clear authority for the district court's decision.
 
 III.
 
 16
 For the foregoing reasons, we address and affirm the district court's decision denying Welch eleventh amendment immunity from Coakley's claim for injunctive relief. We decline to address at this stage the propriety of the order declining to dismiss Welch for lack of personal involvement in the decision to terminate Coakley.
 
 
 17
 AFFIRMED.
 
 
 
 [1]
 We cannot agree with Welch that we have broad discretion to elect to reach the merits defense now. Kerr Center Parents Assoc. v. Charles, 842 F.2d 1052, 1059 (9th Cir.1988), the case Welch cites for the proposition of discretionary appellate jurisdiction, is not on point. Kerr arose from orders of summary judgment that completely resolved the matter before the district court. A panel of the Ninth Circuit concluded the district court had erred in holding the State of Oregon not immune from suit under the eleventh amendment. The panel therefore remanded on that issue, and went on to address other issues that would arise if the district court again held, on legitimate grounds, that Oregon was not immune. These issues were not "interlocutory," though, arising as they did from a final, albeit reversed, judgment
 
 
 [2]
 We recognize that from one point of view, all Coakley has alleged is that for a period in the past the SPA put him through a process that deprived him of due process rights, but that the process, and any relationship between him and SPA, has ended. This would suggest that his suit against Welch is barred for want of an "ongoing" violation. The view we find more consistent with Papasan and McConnell is that by his allegations and his prayer for an injunction, Coakley has alleged SPA conduct that, while no longer giving him daily attention, continues to harm him by preventing him from obtaining the benefits of SPA employment. See also Elliott v. Hinds, 786 F.2d 298, 302 (7th Cir.1986) ("Elliott's alleged wrongful discharge is a continuing violation; so long as the state official keeps him out of his allegedly tenured position the official acts in what is claimed to be derogation of Elliott's constitutional rights."); Dwyer v. Regan, 777 F.2d 825, 836 (2d Cir.1985)
 Cases from other circuits, as well as McConnell, suggest that few, if any, suits are barred for failure to allege an "ongoing violation" under Papasan. See Elliott, 786 F.2d at 301-02; Dwyer, 777 F.2d at 836. Quite logically, the courts treat the issue of whether a violation is "ongoing" as related to the issues of whether prospective relief is appropriate, or whether the requested relief would operate instead as an illegitimate award of retroactive damages.