936 F.2d 572
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CORPORATE RISK MANAGEMENT CORPORATION, et al., Plaintiffs-Appellants,
v.
Ernest SOLOMON, et al., Defendants,
Herman Coleman and Dhiraj N. Shah, Defendants-Appellees.
 Nos. 90-1713, 90-1730.
 United States Court of Appeals, Sixth Circuit.
 July 2, 1991.
 
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, and LIVELY, Senior Circuit Judge.
 DAVID A. NELSON, Circuit Judge.
 
 
 1
 This is an appeal from an interlocutory order in which the district court denied a motion by two defendants (the State of Michigan's Acting Commissioner of Insurance and his immediate predecessor) for dismissal on Eleventh Amendment and state-law immunity grounds. The threshold issue is whether 28 U.S.C. Sec. 1291 gives us appellate jurisdiction. Concluding that it does not, we shall dismiss the appeal.
 
 
 2
 * The Michigan Department of Licensing and Regulation instituted proceedings in a state court to have Cadillac Insurance Company, a Michigan corporation, placed in conservatorship because of insolvency. The conservatorship was granted, and the company was subsequently liquidated.
 
 
 3
 Invoking the diversity jurisdiction of the federal district court, the plaintiffs in the case at bar sued the commissioner of insurance, his successor, and the insurance company's officers, directors, accountant, and corporate parent. The plaintiffs alleged that they lost substantial amounts of money by entering into contracts with the insurance company in reliance on misrepresentations by the non-governmental defendants concerning the company's financial condition. As to the governmental defendants, the plaintiffs asserted that to further their political ambitions the commissioners wrongfully failed to report violations of the state insurance code by the company. The plaintiffs sought compensatory and exemplary damages plus interest, costs, and attorney's fees.
 
 
 4
 The defendant commissioners moved for dismissal on the ground that the suit against them was a suit against the state and was barred by the Eleventh Amendment. At oral argument on this motion, the commissioners also asserted that they were entitled to absolute immunity under Michigan law.
 
 
 5
 The district court denied the motion to dismiss on both grounds. As to Eleventh Amendment immunity, the court concluded that the plaintiffs' allegations were sufficient, if proven, to support a claim that the commissioners had exceeded their authority and thus did not represent the state. This branch of the motion was denied without prejudice, however, the court noting that it would "permit [the] defendants to raise the eleventh amendment immunity issue in a motion for summary judgment or at any other appropriate point in the proceedings." Insofar as the commissioners claimed immunity under Michigan law, their motion to dismiss was denied with prejudice.
 
 II
 
 6
 This court has jurisdiction to review "all final decisions of the district courts of the United States." 28 U.S.C. Sec. 1291. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945).
 
 
 7
 Certain orders that are not final in the sense of ending the litigation on the merits are immediately appealable under the collateral order doctrine of Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949). To come within this doctrine, an order "must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978). Cf. In re Post-Newsweek Stations, Michigan, Inc., 722 F.2d 325, 328-29 (6th Cir.1983).
 
 
 8
 An order denying a motion to dismiss does not end the litigation on the merits and is not ordinarily subject to appellate review until a final judgment has been entered. Gould, Inc. v. Pechiney Ugine Kuhlmann, 853 F.2d 445, 450 (6th Cir.1988). In Mitchell v. Forsyth, 472 U.S. 511 (1985), however, the United States Supreme Court held that an immediate appeal could be taken from an interlocutory order denying a claim of qualified immunity. The collateral order doctrine applies to such orders, Mitchell held, because qualified immunity entitles the defendant not to stand trial; a denial of immunity is thus effectively unreviewable on appeal from a final judgment, because the defendant will already have had to stand trial by the time a final judgment is entered. Id. at 525-27. In deciding whether a denial of a motion to dismiss is immediately appealable, "[t]he critical question, following Mitchell, is whether 'the essence' of the claimed right is a right not to stand trial." Van Cauwenberghe v. Biard, 486 U.S. 517, 524 (1988).
 
 
 9
 Most courts that have considered the question have held orders denying motions predicated on the Eleventh Amendment to be immediately appealable under the collateral order doctrine. See, e.g., Dube v. State University of New York, 900 F.2d 587 (2d Cir.1990) ("the denial of a motion to dismiss claims on absolute Eleventh Amendment immunity grounds is immediately appealable"), cert. denied, 59 U.S.L.W. 3824 (1991); Eng v. Coughlin, 858 F.2d 889 (2d Cir.1988) (immediate appeal may be taken from denial of motion for summary judgment predicated on the Eleventh Amendment); Minotti v. Lensink, 798 F.2d 607 (2d Cir.1986) (denial of motion to dismiss based on the Eleventh Amendment is immediately appealable under the collateral order doctrine), cert. denied, 482 U.S. 906 (1987); Loya v. Texas Dept. of Corrections, 878 F.2d 860 (5th Cir.1989) (same); Coakley v. Welch, 877 F.2d 304 (4th Cir.) (same), cert. denied, 110 S.Ct. 501 (1989); Libby v. Marshall, 833 F.2d 402 (1st Cir.1987) (contra ). See also Gould, Inc. v. Pechiney Ugine Kuhlmann, 853 F.2d 445 (6th Cir.1988) (denial of a motion to dismiss predicated on foreign sovereign immunity is immediately appealable). The essence of an Eleventh Amendment claim is a right not to stand trial. A district court's rejection of an Eleventh Amendment claim is thus effectively unreviewable after judgment has been rendered on the merits, just as denial of the qualified immunity claim asserted in Mitchell would have been effectively unreviewable by the time of final judgment.
 
 
 10
 But immediate appellate review is only appropriate if the order in question meets all of the requirements for review under the collateral order doctrine. One of these requirements, as we have seen, is that the order determine the disputed question "conclusively." Cohen teaches that there can be no finality "[s]o long as the [collateral] matter remains open, unfinished or inconclusive;" to be appealable under the collateral order doctrine, Cohen suggests, the district court's action on the appellant's application must be "concluded and closed...." Cohen, 337 U.S. at 546.
 
 
 11
 Although the order denying the Eleventh Amendment claim in the case at bar met the requirement that it be effectively unreviewable after final judgment, the order did not leave the Eleventh Amendment question "concluded and closed." The district court denied the commissioners' motion to dismiss "without prejudice," expressly inviting the commissioners to raise their Eleventh Amendment claim in a motion for summary judgment. It is entirely possible that a summary judgment motion will be granted, thereby obviating any need for the commisioners to appeal. Unless and until the Eleventh Amendment issue is resolved against the commissioners with finality, they may not invoke the collateral order doctrine. See United States v. Yonkers Bd. of Educ., 893 F.2d 498 (2d Cir.1990) (appellate court lacks jurisdiction to consider appeal from denial of motion to dismiss predicated on the Eleventh Amendment where the denial was without prejudice to the defendants' right to move for summary judgment). See also Howes v. Ashland Oil, Inc., No. 87-5939, 1991 U.S.App. LEXIS 10306 (6th Cir. May 6, 1991).
 
 
 12
 Circuit precedent precludes review at this time of the denial of absolute immunity under Michigan law, notwithstanding that this immunity claim was denied with prejudice. See Marrical v. Detroit News, Inc., 805 F.2d 169, 172 (6th Cir.1986), where (over the dissent of the writer of the present opinion) this court was able to find "no indication that Michigan's doctrine of absolute or qualified immunity includes a right to be free from the exigencies of trial." Because immunity does not mean the same thing in Michigan that it means elsewhere, the court concluded, "Michigan law affords no basis for imposing on litigants the burdens of an interlocutory appeal." Id. In the case at bar the defendant commissioners have conceded that the denial of their absolute immunity claim is not immediately appealable, standing alone, as long as Marrical continues to represent the law of the circuit.
 
 
 13
 Accordingly, we DISMISS the commissioners' appeal for lack of appellate jurisdiction.