**METCALF & EDDY, INC.,**
Plaintiff, Appellee,

v.

**PUERTO RICO AQUEDUCT
AND SEWER AUTHORITY,**
Defendant, Appellant.

**No. 91–1602.**

United States Court of Appeals,
First Circuit.

Heard Sept. 5, 1991.

Decided Sept. 25, 1991.

Michael T. Brady with whom Paige E. Reffe, Perry M. Rosen, Cutler & Stanfield, Washington, D.C., Arturo Trias, Hector Melendez Cano, and Trias, Acevedo & Otero, Hato Rey, P.R., were on brief for defendant, appellant.

Peter W. Sipkins with whom Dorsey & Whitney, Minneapolis, Minn., Jay A. Garcia–Gregory, and Fiddler, Gonzalez & Rodriguez, San Juan, P.R., were on brief for plaintiff, appellee.

Before BREYER, Chief Judge, and ALDRICH and SELYA, Circuit Judges.

SELYA, Circuit Judge.

We recently acknowledged that "words can be 'chameleons, which reflect the color of their environment.'" *Hanover Ins. Co. v. United States*, 880 F.2d 1503, 1504 (1st Cir.1989) (quoting *Commissioner v. National Carbide Co.*, 167 F.2d 304, 306 (2d Cir.1948) (L. Hand, J.)), *cert. denied*, 493 U.S. 1023, 110 S.Ct. 726, 107 L.Ed.2d 745 (1990). As the appeal before us illustrates, "immunity" is such a word.

## I. BACKGROUND

The Puerto Rico Aqueduct and Sewer Authority (PRASA) was established by the Puerto Rico legislature as "a public corporation and an autonomous government instrumentality." 22 L.P.R.A. § 142 (1987). Its purpose was "to provide to the inhabitants of Puerto Rico ... adequate drinking water, sanitary sewage service and any other service or facility proper or incidental thereto." *Id.* § 144. In 1985, PRASA and the United States Environmental Protection Agency signed a consent decree which, as later supplemented, required PRASA to bring eighty-three of its facilities into compliance with federal "clean water" standards.

In March 1986, PRASA entered into a contract with Metcalf & Eddy, Inc. (Metcalf), an engineering firm, to provide extensive services anent the subject matter of the consent decree. By late 1990, the relationship had soured. Invoking diversity jurisdiction, 28 U.S.C. § 1332(a) (1988), Metcalf sued PRASA in Puerto Rico's federal district court. Metcalf's suit sought a declaration of rights with respect to the PRASA/Metcalf agreement along with $52,000,000 in damages for breach of contract.

■ PRASA mounted a furious campaign to avoid joining issue. Its initial motion to dismiss was denied. It then moved to dismiss on the basis of Eleventh Amendment immunity.[1] The district court denied the motion on May 17, 1991. PRASA appeals from the denial of this motion.[2]

## II. APPELLATE JURISDICTION

We begin and end our consideration of this appeal by addressing the threshold question of appellate jurisdiction.

### A. *Existence of Circuit Precedent*

PRASA's appeal hinges, in the first instance, on whether it is properly before us at this early date. Ordinarily, apart from injunctions and other special circumstances, *see, e.g.,* 28 U.S.C. § 1292(a)–(c) (1988), federal appellate courts lack jurisdiction, prior to the entry of final judgment in a given case, to hear appeals from interim trial-court orders. *See* 28 U.S.C. § 1291 (1988). There is, of course, an exception for interlocutory rulings which meet the rigorous collateral-order standards first enunciated by the Supreme Court in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545–47, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949). PRASA contends that its appeal fits within *Cohen's* contours because the Eleventh Amendment renders PRASA "immune" from suit in a federal forum. Thus, PRASA says that the district court's refusal to credit its immunity defense should be reviewable forthwith. In support of its position, PRASA cites a line of cases capped by *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). *Mitchell* holds that interlocutory orders denying state officials the benefit of colorable "qualified immunity" defenses are immediately appealable. *See id.* at 526–27, 105 S.Ct. at 2815–16.[3]

---

**1.** The Eleventh Amendment provides in pertinent part that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI. It is settled that Puerto Rico is to be treated as a state for Eleventh Amendment purposes. *See, e.g., De Leon Lopez v. Corporacion Insular de Seguros*, 931 F.2d 116, 121 (1st Cir.1991); *Ra-*

*mirez v. Puerto Rico Fire Serv.*, 715 F.2d 694, 697 (1st Cir.1983).

**2.** In addition to a timely notice of appeal, PRASA also filed a flurry of motions in the district court and in this court seeking to stay the proceedings until its appeal could be heard and determined. No such stay is in effect.

**3.** To be sure, other denials of immunity have also been held to be immediately appealable—

■ The problem with PRASA's position is that the qualified immunity defense available to individual state actors is not, from either a conceptual or a practical standpoint, congruent with the Eleventh Amendment defense available to unconsenting states and state agencies. We said as much in *Libby v. Marshall*, 833 F.2d 402, 404–07 (1st Cir.1987). There, certain Massachusetts state employees, sued in their official capacities, moved to dismiss on the basis of an asserted Eleventh Amendment immunity. The district court denied their motion. The officials essayed an immediate appeal. After a carefully reasoned analysis of the question, fully considering the *Mitchell* line of qualified immunity cases, *see Libby*, 833 F.2d at 404–05, a panel of this court concluded that "because the interests underlying the immunity the Eleventh Amendment provides to the states can be adequately vindicated upon an appeal from a final judgment ... the district court's decision [denying the defendants' motion to dismiss was] not a collateral order." *Id.* at 407. Hence, there was no appellate jurisdiction. *Id.* *Libby* must shape our consideration of PRASA's appeal.[4]

### B. *Effect of Circuit Precedent*

■ Finding, as we do, that *Libby v. Marshall* applies to this appeal, the lens of our inquiry narrows considerably. We have held, with a regularity bordering on the monotonous, that in a multi-panel circuit, newly constituted panels are, by and large, bound by prior panel decisions closely in point. *See, e.g., United States v. Wogan*, 938 F.2d 1446, 1449 (1st Cir.1991); *Kotler v. American Tobacco Co.*, 926 F.2d 1217, 1223 (1st Cir.1990), *petition for cert. filed* (U.S. March 19, 1991) (No. 90–1473); *Jusino v. Zayas*, 875 F.2d 986, 993 (1st

Cir.1989); *Lacy v. Gardino*, 791 F.2d 980, 985 (1st Cir.), *cert. denied*, 479 U.S. 888, 107 S.Ct. 284, 93 L.Ed.2d 259 (1986). The orderly development of the law, the need for stability, the value of results being predictable over time, and the importance of evenhanded justice all counsel continued fidelity to this principle.

Of course, there is a two-tiered exception to the rule. The exception has been described in varying terms. We visualize the top tier as becoming operative when, after a panel decision issues, the decision is undercut by controlling authority, subsequently announced, such as an opinion of the Supreme Court, an en banc opinion of the circuit court, or a statutory overruling. *See, e.g., United States v. Bucuvalas*, 909 F.2d 593, 594 (1st Cir.1990) (overruling *United States v. Bosch Morales*, 677 F.2d 1 (1st Cir.1982), in light of *United States v. Powell*, 469 U.S. 57, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984)); *Unwin v. Campbell*, 863 F.2d 124, 128 (1st Cir.1988) (overruling in part *Bonitz v. Fair*, 804 F.2d 164 (1st Cir.1986), in light of *Anderson v. Creighton*, 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)); *cf. State of Cal., Dep't of Health Serv. v. United States Dep't of HHS*, 853 F.2d 634, 638–39 (9th Cir.1988) (refusing to abandon previous decision because language of intervening statutory change, read in context, did not require different result). We foresee the exception's remaining tier as coming into play in those few instances in which newly emergent authority, although not directly controlling, nevertheless offers a convincing reason for believing that the earlier panel, in light of the neoteric developments, would change its course. *See generally United States v. Connor*, 926 F.2d 81, 83 (1st Cir.1991) (suggesting that *stare decisis*

but these immunities, like qualified immunity, have been personal in nature, comprising an absolute entitlement not to stand trial under given circumstances. *See, e.g., Helstoski v. Meanor*, 442 U.S. 500, 99 S.Ct. 2445, 61 L.Ed.2d 30 (1979) (congressman's immunity under Speech and Debate Clause); *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977) (accused's right not to be put twice in jeopardy).

**4.** PRASA argues that *Libby* is somehow different because Libby's suit was premised on a federal

statute, 42 U.S.C. § 1983 (1988), *see Libby*, 833 F.2d at 403, whereas the instant suit is founded upon diversity jurisdiction. We reject the asseveration. It is well settled that an Eleventh Amendment defense, where otherwise applicable, can be asserted in federal question cases as well as in diversity cases. *See, e.g., Edelman v. Jordan*, 415 U.S. 651, 671–74, 94 S.Ct. 1347, 1359–61, 39 L.Ed.2d 662 (1974); *Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir.1990), *cert. denied*, — U.S. ——, 111 S.Ct. 2814, 115 L.Ed.2d 986 (1991).

need not always be applied woodenly, especially where new matters are brought to the court's attention); *Colby v. J.C. Penney Co.*, 811 F.2d 1119, 1123 (7th Cir.1987) (discussing "complex relationship … between a court and its own previous decisions"); *cf. Aldens, Inc. v. Miller*, 610 F.2d 538, 541 (8th Cir.1979) ("Although we are not bound by another circuit's decision, we adhere to the policy that a sister circuit's reasoned decision deserves great weight and precedential value."), *cert. denied*, 446 U.S. 919, 100 S.Ct. 1853, 64 L.Ed.2d 273 (1980). In leaving the door to this second tier ajar, however, we emphasize that only the most persuasive showing of collateral authority is likely to possess the power to push the door fully open.

PRASA's argument for overruling *Libby* seeks to take advantage of both aspects of the stated exception. PRASA contends, first, that the Court's decision in *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 109 S.Ct. 1494, 103 L.Ed.2d 879 (1989), demands that we abandon our earlier precedent. This contention rests on the appellant's Panglossian reading of *Midland Asphalt*—a reading fueled more by wishful thinking than by legal insights. In *Midland Asphalt*, the Court determined that the denial of a criminal defendant's pretrial motion to dismiss an indictment on account of an alleged violation of Fed. R.Crim.P. 6(e)(2) was not immediately appealable under the collateral-order exception to the final judgment rule.[5] *Id.* at 798–802, 109 S.Ct. at 1497–98. Fairly read, the reasoning of *Midland Asphalt* fails to undermine *Libby* in the slightest degree. Indeed, the Court's admonition that litigants seeking to justify interlocutory appeals "must be careful … not to play word games with the concept of a 'right not to be tried,'" *id.* 489 U.S. at 801, 109 S.Ct. at 1499, is a warning which PRASA could well have heeded.

The appellant's second salvo is better aimed, but still wide of the mark. Cases from four of our sister circuits hold, contrary to *Libby*, that denials of Eleventh Amendment immunity claims are immedi-

ately appealable. *See Kroll v. Board of Trustees of Univ. of Ill.*, 934 F.2d 904, 906 (7th Cir.1991); *Loya v. Texas Dep't of Corrections*, 878 F.2d 860, 861 (5th Cir.1989) (per curiam); *Coakley v. Welch*, 877 F.2d 304, 305 (4th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 501, 107 L.Ed.2d 503 (1989); *Minotti v. Lensink*, 798 F.2d 607, 608 (2d Cir.1986), *cert. denied*, 482 U.S. 906, 107 S.Ct. 2484, 96 L.Ed.2d 376 (1987). Citing some of these cases, PRASA contends that a tide of emerging authority has engulfed *Libby*, rendering it unworthy of continued deference. We disagree.

*Minotti*, a case decided prior to *Libby*, was fully considered by the *Libby* panel, *see Libby*, 833 F.2d at 405, and was convincingly rejected. Thus, *Minotti* and the Second Circuit precedents which rest upon it, *see, e.g., Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 2814, 115 L.Ed.2d 986 (1991), are entitled to no weight as a basis for possible departure from the *Libby* precedent. *Loya* and *Coakley* are horses of a different hue. Both were decided subsequent to *Libby*. Yet, neither opinion offers any meaningful discussion of the pivotal issue; and neither opinion cites *Libby* or addresses its rationale. *Kroll* cites *Libby*, but does not confront its reasoning and advances no cogent analysis to contradict it.

While decisions of other courts of appeals merit our respectful consideration, they are not entitled to our automatic acquiescence. In the end, such decisions should receive deference commensurate with their intrinsic persuasive force (or lack thereof). When, as in this situation, we are asked to overrule a recent, carefully reasoned precedent of our court on the basis of largely conclusory statements from another court or courts, we should be slow to do so.

In sum, the cases relied upon by PRASA lack the strong persuasiveness needed to change our course. Bluntly put, those cases comprise a trickle rather than a tide. There is simply no principled way that we

---

**5.** In material part, Fed.R.Crim.P. 6(e)(2) prohibits public disclosure by prosecutors of "matters occurring before the grand jury" except in certain narrowly defined circumstances.

can jettison *Libby* on so speculative a showing.

## III. CONCLUSION

We need go no further. The word "immunity" does not have the talsmanic significance that PRASA attaches to it; and the mere incantation of the term, without reference to the nature and type of immunity involved, does not confer a right to an immediate appeal. Because this case involves a claim of Eleventh Amendment immunity, it comes within the precedential sweep of *Libby v. Marshall,* 833 F.2d 402. *Libby* remains unsullied by the passage of time or the march of persuasive authority. Applying binding precedent, as we must, we hold that the district court's denial of a government agency's motion to dismiss premised on Eleventh Amendment grounds is not an immediately appealable order.[6] *The appeal is dismissed for want of appellate jurisdiction. Costs shall be taxed in favor of the appellee.*

---

**6.** Since we have no jurisdiction over this interlocutory appeal, we do not consider the merits of PRASA's Eleventh Amendment defense and take no view as to whether PRASA is actually entitled to the claimed immunity. That issue is effectively reviewable at the proper time and on the proper record, in the form of an end-of-case appeal prosecuted in the ordinary course.