USCA1 Opinion

 

 June 8, 1992 [NOT FOR PUBLICATION] _________________________ No. 91-2334 CONRAD GRAHAM, Plaintiff, Appellant, v. GORHAM SCHOOL DISTRICT, Defendant, Appellee. _________________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Norman H. Stahl, U.S. District Judge] ___________________ _________________________ Before Selya, Circuit Judge, _____________ Roney,* Senior Circuit Judge, ____________________ and Pieras,** District Judge. ______________ _________________________ Shawn J. Sullivan, with whom Cook & Molan, P.A., was on __________________ ___________________ brief, for appellant. Eleanor H. MacLellan, with whom Sulloway Hollis & Soden was ____________________ _______________________ on brief, for appellee. _________________________ _________________________ _______________ *Of the Eleventh Circuit, sitting by designation. **Of the District of Puerto Rico, sitting by designation. Per Curiam. This is a failure-to-hire suit brought ___________ pursuant to the federal Age Discrimination in Employment Act (ADEA), 29 U.S.c. 621-634 (1988). The district court granted summary judgment in the defendant's favor. The plaintiff appeals. We affirm. The court below premised its order on a finding that plaintiff "offered no evidence to suggest that defendant's proffered justification for not hiring him is, in fact, an effort on defendant's part to disguise a discriminatory animus," thus failing to create a triable issue on the question of pretext.1 The plaintiff's attempt to cast doubt upon this finding as a matter of fact is jejune. When, as here, the focus is on what we have termed "the ultimate question," that is, "whether, on all the evidence of record, a rational factfinder could conclude that age was a determining factor in the employer's decision [to fire the employee]," Mesnick v. General Elec. Co., 950 F.2d 816, 825 _______ _________________ (1st Cir. 1991), petition for cert. filed, 60 U.S.L.W. 3689 (U.S. ________________________ March 9, 1992), the plaintiff must produce some probative evidence of a particularized discriminatory animus in order to survive summary judgment. Id. at 825-26. The evidence produced ___ must be sufficiently sturdy so that "a rational jury could infer, without the most tenuous insinuation," that the employer's professed reason for firing the plaintiff "was actually a pretext ____________________ 1The lower court found that the plaintiff had established a prima facie case. We question one component of that finding but, _____ _____ for purposes of this opinion, we assume arguendo, favorably to ________ plaintiff, that the court was correct. 2 for age discrimination." Id. at 826 (emphasis in original). The ______________________ ___ record before us contains no such accumulation of probative evidence. The scraps to which the plaintiff alludes, taken in the light most congenial to his cause, are less weighty than the evidence we have ruled inadequate in a series of other, comparable cases.2 See, e.g., id.; Medina-Munoz v. R.J. ___ ____ ___ ____________ ____ Reynolds Tobacco Co., 896 F.2d 5, 9-10 (1st Cir. 1990); Menzel v. ____________________ ______ Western Auto Supply Co., 848 F.2d 327, 329-30 (1st Cir. 1988); ________________________ Dea v. Look, 810 F.2d 12, 15 (1st Cir. 1987). ___ ____ The plaintiff also argues that it was unnecessary for him to produce direct or circumstantial evidence of discriminatory animus, asseverating that such animus can be inferred from a showing of pretext, without more. This argument, however, flies in the teeth of settled circuit precedent. See, ___ e.g., Mesnick, supra; Medina-Munoz, supra; Menzel, supra; Dea, ____ _______ _____ ____________ _____ ______ _____ ___ supra; see also Connell v. Bank of Boston, 924 F.2d 1169, 1175 _____ ___ ____ _______ _______________ (1st Cir.), cert. denied, 111 S. Ct. 2828 (1991). The course _____ ______ that plaintiff proposes is simply not open to us. We have held, with echolalic regularity, that in a multi-panel circuit, newly constituted panels are bound by prior panel decisions closely in point. See, e.g., Fournier v. Best Western Treasure Island ___ ____ ________ ______________________________ Resort, ___ F.2d ___, ___ (1st Cir. 1992) [No. 91-2174, slip op. ______ at 4]; Metcalf & Eddy, Inc. v. P.R.A.S.A., 945 F.2d 10, 12 (1st _____________________ __________ Cir. 1991), cert. granted, 112 S. Ct. 1290 (1992); United States _____ _______ _____________ ____________________ 2Indeed, plaintiff's counsel admitted as much at oral argument. 3 v. Wogan, 938 F.2d 1446, 1449 (1st Cir.), cert. denied, 112 S. _____ _____ ______ Ct. 441 (1991); Kotler v. American Tobacco Co., 926 F.2d 1217, ______ ____________________ 1223 (1st Cir. 1990), petition for cert. filed, 59 U.S.L.W. 3674 ________________________ (U.S. March 19, 1991); Jusino v. Zayas, 875 F.2d 986, 993 (1st ______ _____ Cir. 1989); Lacy v. Gardino, 791 F.2d 980, 985 (1st Cir.), cert. ____ _______ _____ denied, 479 U.S. 888, (1986). "The orderly development of the ______ law, the need for stability, the value of results being predictable over time, and the importance of evenhanded justice all counsel continued fidelity to this principle." Metcalf & _________ Eddy, 945 F.2d at 12.3 We adhere to stare decisis here. ____ _____ _______ We need go no further. Because we, like the district court, are unable to find in this record any evidence fairly probative of age discrimination, and because we are both unable and unwilling to alter clear circuit precedent, we must affirm the judgment below. The ADEA, after all, "does not stop a company from discharging an employee for any reason (fair or unfair) or for no reason, so long as the decision to fire does not stem from the person's age." Freeman v. Package Machinery _______ _________________ Co., 865 F.2d 1331, 1341 (1st Cir. 1988). By the same token, the ___ ADEA does not prohibit an employer from refusing to hire or promote an applicant ____________________ 3There are, of course, certain narrowly defined exceptions to the principle, such as when a panel opinion is undercut by controlling authority subsequently announced, or when such an opinion must yield to "the most persuasive showing of collateral authority." Metcalf & Eddy, 945 F.2d at 13. None of these _______________ exceptions apply to the case at hand. 4 for any reason (fair or unfair) or for no reason, so long as age does not creep into the calculus. Affirmed. ________ 5