963 F.2d 366
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Conrad GRAHAM, Plaintiff, Appellant,
v.
GORHAM SCHOOL DISTRICT, Defendant, Appellee.
 No. 91-2334.
 United States Court of Appeals,
First Circuit.
 June 8, 1992
 
 Shawn J. Sullivan, with whom Cook & Molan, P.A., was on brief, for appellant.
 Eleanor H. MacLellan, with whom Sulloway Hollis & Soden was on brief, for appellee.
 Before Selya, Circuit Judge, Roney,* Senior Circuit Judge, and Pieras,** District Judge.
 Per Curiam.
 
 
 1
 This is a failure-to-hire suit brought pursuant to the federal Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634 (1988). The district court granted summary judgment in the defendant's favor. The plaintiff appeals. We affirm.
 
 
 2
 The court below premised its order on a finding that plaintiff "offered no evidence to suggest that defendant's proffered justification for not hiring him is, in fact, an effort on defendant's part to disguise a discriminatory animus," thus failing to create a triable issue on the question of pretext.[1] The plaintiff's attempt to cast doubt upon this finding as a matter of fact is jejune. When, as here, the focus is on what we have termed "the ultimate question," that is, "whether, on all the evidence of record, a rational factfinder could conclude that age was a determining factor in the employer's decision [to fire the employee]," Mesnick v. General Elec. Co., 950 F.2d 816, 825 (1st Cir. 1991), petition for cert. filed, 60 U.S.L.W. 3689 (U.S. March 9, 1992), the plaintiff must produce some probative evidence of a particularized discriminatory animus in order to survive summary judgment. Id. at 825-26. The evidence produced must be sufficiently sturdy so that "a rational jury could infer, without the most tenuous insinuation," that the employer's professed reason for firing the plaintiff "was actually a pretext for age discrimination." Id. at 826 (emphasis in original). The record before us contains no such accumulation of probative evidence. The scraps to which the plaintiff alludes, taken in the light most congenial to his cause, are less weighty than the evidence we have ruled inadequate in a series of other, comparable cases.[2] See, e.g., id.; Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 9-10 (1st Cir. 1990); Menzel v. Western Auto Supply Co., 848 F.2d 327, 329-30 (1st Cir. 1988); Dea v. Look, 810 F.2d 12, 15 (1st Cir. 1987).
 
 
 3
 The plaintiff also argues that it was unnecessary for him to produce direct or circumstantial evidence of discriminatory animus, asseverating that such animus can be inferred from a showing of pretext, without more. This argument, however, flies in the teeth of settled circuit precedent. See, e.g., Mesnick, supra; Medina-Munoz, supra; Menzel, supra; Dea, supra; see also Connell v. Bank of Boston, 924 F.2d 1169, 1175 (1st Cir.), cert. denied, 111 S. Ct. 2828 (1991). The course that plaintiff proposes is simply not open to us. We have held, with echolalic regularity, that in a multi-panel circuit, newly constituted panels are bound by prior panel decisions closely in point. See, e.g., Fournier v. Best Western Treasure Island Resort, F.2d, (1st Cir. 1992) [No. 91-2174, slip op. at 4]; Metcalf & Eddy, Inc. v. P.R.A.S.A., 945 F.2d 10, 12 (1st Cir. 1991), cert. granted, 112 S. Ct. 1290 (1992); United States v. Wogan, 938 F.2d 1446, 1449 (1st Cir.), cert. denied, 112 S. Ct. 441 (1991); Kotler v. American Tobacco Co., 926 F.2d 1217, 1223 (1st Cir. 1990), petition for cert. filed, 59 U.S.L.W. 3674 (U.S. March 19, 1991); Jusino v. Zayas, 875 F.2d 986, 993 (1st Cir. 1989); Lacy v. Gardino, 791 F.2d 980, 985 (1st Cir.), cert. denied, 479 U.S. 888, (1986). "The orderly development of the law, the need for stability, the value of results being predictable over time, and the importance of evenhanded justice all counsel continued fidelity to this principle." Metcalf & Eddy, 945 F.2d at 12.[3] We adhere to stare decisis here.
 
 
 4
 We need go no further. Because we, like the district court, are unable to find in this record any evidence fairly probative of age discrimination, and because we are both unable and unwilling to alter clear circuit precedent, we must affirm the judgment below. The ADEA, after all, "does not stop a company from discharging an employee for any reason (fair or unfair) or for no reason, so long as the decision to fire does not stem from the person's age." Freeman v. Package Machinery Co., 865 F.2d 1331, 1341 (1st Cir. 1988). By the same token, the ADEA does not prohibit an employer from refusing to hire or promote an applicant for any reason (fair or unfair) or for no reason, so long as age does not creep into the calculus.
 
 
 5
 Affirmed.
 
 
 
 *
 Of the Eleventh Circuit, sittin g by designation
 
 
 **
 Of the District of Puerto Rico, sitting by designation
 
 
 [1]
 The lower court found that the plaintiff had established a prima facie case. We question one component of that finding but, for purposes of this opinion, we assume arguendo, favorably to plaintiff, that the court was correct
 
 
 [2]
 Indeed, plaintiff's counsel admitted as much at oral argument
 
 
 [3]
 There are, of course, certain narrowly defined exceptions to the principle, such as when a panel opinion is undercut by controlling authority subsequently announced, or when such an opinion must yield to "the most persuasive showing of collateral authority." Metcalf & Eddy, 945 F.2d at 13. None of these exceptions apply to the case at hand