USCA1 Opinion

 

 December 23, 1992 UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS For the First Circuit For the First Circuit ____________________ No. 92-1228 UNITED STATES, Appellee, v. GUSTAVO GOMEZ-VILLAMIZAR, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Jaime Pieras, Jr., U.S. District Judge] ___________________ ____________________ Before Stahl, Circuit Judge, _____________ Campbell, Senior Circuit Judge, ____________________ Skinner,* District Judge. ______________ ____________________ Miguel A.A. Nogueras-Castro with whom Benicio Sanchez Rivera was ___________________________ ______________________ on brief for appellant. Epifanio Morales Cruz, Assistant U.S. Attorney, with whom Daniel _____________________ ______ F. Lopez-Romo, United States Attorney, and Jose A. Quiles Espinosa, _____________ ________________________ Assistant U.S. Attorney, were on brief for appellee. ____________________ ____________________ _____________________ *Of the District of Massachusetts, sitting by designation. STAHL, Circuit Judge. Defendant-appellant Gustavo ______________ Gomez-Villamizar appeals his conviction for possession with intent to distribute a controlled substance ("Count I") and possession of a controlled substance on board an aircraft arriving in the customs territory of the United States ("Count III").1 In so doing, defendant argues that: (1) as a matter of law, he lacked the criminal intent to be found guilty under Counts I and III; and (2) the evidence was legally insufficient to convict him under either Counts I or III. Finding neither argument persuasive, we affirm. I. I. __ FACTUAL BACKGROUND FACTUAL BACKGROUND __________________ We summarize the evidence in the light most favorable to the government. United States v. Ocampo-Guarin, 968 F.2d _____________ _____________ 1406, 1409 (1st Cir. 1992). On October 13, 1990, defendant, a Colombian citizen, boarded Iberia Airlines Flight 928, a regularly scheduled flight from Bogota, Colombia, to Madrid, Spain. While en route to Madrid, at approximately 3:00 p.m. that same day, the flight stopped for refueling at the Luis Munoz Marin International Airport in Carolina, Puerto Rico. While the plane was in Puerto Rico, United States Customs Service ("USCS") Canine Enforcement Officer Juan Gracia- Garcia performed an inspection of the luggage aboard Flight ____________________ 1. The jury acquitted him on the charge of importation of a controlled substance into the customs territory of the United States ("Count II"). -2- 2 928. Gracia's dog alerted him to two pieces of luggage. After noticing an unusual thickness at the bottom of the two suitcases, Gracia conducted a search and found a white powdery substance in each. When field tested, the substance gave positive results for cocaine. After obtaining the test results, Gracia contacted Iberia Airlines personnel and obtained a printout with information identifying defendant as the owner of the two suitcases. Gracia then proceeded to the in-transit lounge and requested an Iberia Airlines employee to page defendant. Gracia identified defendant through his passport and airline ticket,2 and then placed him under arrest. Subsequently, Gracia escorted defendant to the airport's USCS office and interviewed him. During that interview, defendant admitted that the two suitcases and the clothing within them belonged to him. After his interview with Gracia, defendant was questioned by USCS Special Agent Rodolfo Salcedo. Neither Salcedo nor Gracia specifically asked defendant whether he knew that his two suitcases contained cocaine. ____________________ 2. Defendant's airline ticket reflected that he had checked two pieces of luggage at the airport in Bogota, Colombia. Attached to the airline ticket were baggage claim tags with numbers that matched the baggage claim numbers on the two suitcases containing the cocaine. Further, the control number of defendant's ticket was the same control number that was on defendant's baggage claim tags and his boarding pass. -3- 3 On October 15, 1990, Salcedo removed the white powdery substance from the suitcases and delivered it to USCS Chemist Marcelino Borges. Borges conducted a chemical analysis of the substance and concluded that it was cocaine hydrochloride with a gross weight of 1,999.3 grams. According to defendant, his trip to Spain was precipitated by a job offer from one Carlos Rodriguez to serve as the head of maintenance at a hotel in Madrid. As defendant lacked adequate travelling luggage, Rodriguez allegedly gave him the two pieces of luggage at issue in this case. After packing the two suitcases with his personal belongings, defendant rode in a cab with Rodriguez to the airport. Defendant asserted that, while he was paying a duty fee at the airport, Rodriguez checked the two suitcases onto the flight. Rodriguez then handed defendant both the plane ticket and the baggage claim tags. According to defendant, he boarded the airplane unaware that his luggage contained cocaine and that the flight would make an in-transit stop in Puerto Rico.3 ____________________ 3. Defendant testified that Rodriguez had informed him that his flight was travelling directly from Bogota, Colombia to Madrid, Spain. -4- 4 After a three-day trial, on November 20, 1991, the jury found defendant guilty on Counts I and III.4 Defendant was sentenced to seventy-eight months in prison. On January 27, 1992, defendant filed the instant appeal. II. II. ___ DEFENDANT'S ARGUMENTS DEFENDANT'S ARGUMENTS _____________________ A. Mens Rea A. Mens Rea ____________ Defendant first argues that he lacked the mens rea required for conviction under either 21 U.S.C. 841(a)(1) (Count I),5 or 21 U.S.C. 955 (Count III).6 Because the jury found him not guilty of violating 21 U.S.C. 952(a) (Count II),7 defendant reasons that, as a matter of law, he could not have been found guilty under Counts I and III. ____________________ 4. Defendant had been tried previously on these charges in September 1991. Because the jury was unable to reach a verdict, defendant's first trial ended in a mistrial. 5. 21 U.S.C. 841(a)(1) provides that it "shall be unlawful for any person knowingly or intentionally" to "possess with intent . . . to distribute . . . a controlled substance . . . ." 6. 21 U.S.C. 955 provides that it "shall be unlawful for any person to bring or possess" a controlled substance aboard any aircraft "arriving in or departing from . . . the customs territory of the United States . . . ." 7. 21 U.S.C. 952(a) provides that it "shall be unlawful to import into the customs territory of the United States from any place outside thereof . . . [a] controlled substance . . . ." -5- 5 Essentially, defendant contends that, since the jury found that he lacked the intent to import the cocaine into the __ ______ customs territory of the United States, it could not properly find either that he intended to possess the cocaine with intent to distribute it or that he intended to possess it on board an aircraft arriving in or departing the customs territory of the United States. Unfortunately for defendant, however, we recently considered and rejected the argument he now advances. See ___ United States v. Bernal-Rojas, 933 F.2d 97, 98-100 (1st Cir. _____________ ____________ 1991). In Bernal, like the case at bar, the defendant had ______ been convicted under 21 U.S.C. 841(a)(1) and 955, but was found not guilty under 21 U.S.C. 952(a). The defendant in Bernal argued that, because the three offenses contained ______ identical state of mind requirements, the verdicts were inconsistent as a matter of law. Id. at 98, 100. We ___ rejected that argument: The jury could have found, for example, that although appellant did possess the drugs on board the aircraft, and did intend to distribute them, she did not import them into the United States because her intent was to import them into Belgium. This possible interpretation of the facts does not undermine the conviction for possession with intent to distribute, as "the place of intended distribution is not important so long as such intent is established together with the fact of possession within the United States." -6- 6 Id. at 100 (quoting United States v. Mejia-Lozano, 829 F.2d ___ _____________ ____________ 268, 271 (1st Cir. 1987)). In the instant case, while defendant attempts to distinguish his argument from that made in Bernal by dressing ______ it in jurisdictional clothing,8 his central complaint is that the jury verdicts are inconsistent. After Bernal, this ______ argument must fail. Accordingly, we reject defendant's entreaty to reverse his conviction on this basis.9 B. Sufficiency of the Evidence B. Sufficiency of the Evidence _______________________________ Defendant next argues that the jury lacked sufficient evidence to find him guilty of the charges in Counts I and III. We find this argument unpersuasive. In assessing a sufficiency claim, "we must decide whether, viewing the evidence and all legitimate inferences which may be drawn from it in the light most favorable to the government, a rational jury could have found the defendant guilty beyond a reasonable doubt." Ocampo, 968 F.2d at 1409. ______ ____________________ 8. Defendant contends that, because he lacked the mens rea to be found guilty under Counts I and III, the Court is without jurisdiction over his person. 9. Acknowledging that the holding in Bernal controls his ______ case, defendant urges us to revisit our precedent in this area. Even if we were persuaded by defendant's arguments on this question, which we are not, this panel would nonetheless be bound by this circuit's controlling precedent. See ___ Metcalf & Eddy, Inc. v. Puerto Rico Aqueduct and Sewer _______________________ _________________________________ Authority, 945 F.2d 10, 12 (1st Cir. 1991) ("We have held, _________ with a regularity bordering on the monotonous, that in a multi-panel circuit, newly constituted panels are, by and large, bound by prior panel decisions closely on point."), cert. granted, 112 S. Ct. 1290. _____ _______ -7- 7 "[T]he prosecution need not exclude every reasonable hypothesis of innocence, so long as the total evidence permits a conclusion of guilty beyond a reasonable doubt." United States v. Nueva, No. 91-2150, slip op. at 8 (1st Cir. _____________ _____ November 4, 1992). Moreover, we must resolve all issues of credibility in favor of the verdict. Id. ___ 1. Count I 1. Count I ___________ To prove a violation of 21 U.S.C. 841(a)(1), the government must show beyond a reasonable doubt that a defendant knowingly or intentionally possessed a controlled substance with intent to distribute it. See Ocampo, 968 F.2d ___ ______ at 1409 n.1. A defendant can be found guilty under this statute if s/he has merely constructive possession of the controlled substance. See id. at 1410 ("Our decision that ___ ___ [defendant] possessed the suitcase and the cocaine in the United States is consistent with many previous decisions in this circuit in which passengers landing in the United States with checked luggage have been found to be in knowing possession of the contents."). The quantity of drugs involved is sufficient "to permit the inference that [a defendant] knew it would be distributed." Id. at 1410. ___ Moreover, the government need not prove that the defendant had the intent to distribute the controlled substance in the -8- 8 United States. "[T]he place of intended distribution is not _____ important so long as such intent is established together with the fact of possession within the United States." Id. at ___ 1411 (quoting United States v. McKenzie, 818 F.2d 115, 118 ______________ ________ (1st Cir. 1987)) (emphasis in original); see also Bernal, 933 ___ ____ ______ F.2d at 100 (same). Defendant argues that the government failed to establish either that he knowingly possessed the cocaine or that he intended to distribute it. As for the element of possession, much evidence adduced at trial tended to show that defendant was in constructive possession of the two suitcases and the cocaine. For example, the airline records identified defendant as the owner of the two suitcases, his airline ticket reflected that he had checked two pieces of luggage, the baggage claim tags attached to his ticket had numbers that matched the baggage claim tags on the two suitcases, and the control number on defendant's ticket matched that on his baggage claim tags and boarding pass. Moreover, after his arrest, defendant admitted to USCS officer Gracia that the two suitcases and the clothing within them belonged to him. Defendant also contends that the government failed to prove that he knew the cocaine was in the two suitcases. As we have recently stated, however, in response to an almost identical argument: "The jury, of course was not required to believe [defendant's] testimony denying knowledge [that the -9- 9 cocaine was in the suitcase]. Issues relating to state of mind, such as knowledge and intent, may be influenced by assessments of credibility and often must be established by circumstantial evidence." Ocampo, 968 F.2d at 1410. Here, ______ the jury had the opportunity to judge defendant's credibility.10 Viewing the evidence in a light most favorable to the verdict, we are persuaded that the jury was not unreasonable in discrediting his denial of knowledge. Evidence adduced at trial also supported a finding that defendant had the intent to distribute the cocaine. From the large quantity of cocaine involved, the jury could have inferred that defendant harbored the intent to distribute it. Id. at 1410. ___ Based upon the aforementioned evidence, we find unpersuasive defendant's sufficiency argument under 21 U.S.C. 841(a)(1). Accordingly, we affirm defendant's conviction under Count I. 2. Count III 2. Count III _____________ ____________________ 10. In addition to asserting that he did not know the cocaine was in his luggage, defendant testified that he did not know much about Rodriguez, the man who allegedly loaned him the suitcases, purchased his airline ticket, and persuaded him to sell all of his possessions and leave Columbia for a hotel maintenance job in Madrid. Defendant also testified that he did not know the name, size, or specific location of the hotel. -10- 10 In urging reversal of Count III, defendant relies upon the very same arguments he made under Count I. As such, discussion of Count III need not detain us long. To prove a violation of 21 U.S.C. 955, the government must show beyond a reasonable doubt that a defendant brought or possessed a controlled substance on board an aircraft arriving in or departing from the customs territory of the United States.11 See Ocampo, 968 F.2d at 1409 n.1. As ___ ______ outlined above, we think the evidence sufficient for a jury to find that defendant knowingly possessed a large quantity of cocaine on board Iberian Airlines Flight 928. See United ___ ______ States v. Gonzales-Torres, No. 91-2410, slip op. at 6 (1st ______ _______________ Cir. Nov. 20, 1992) (holding that government presented sufficient evidence of a violation of 955 by showing "that the defendant was a passenger on an aircraft that arrived in Puerto Rico from Panama, that two suitcases on that aircraft contained a controlled substance, that the substance was in fact cocaine, and that the defendant actually or constructively possessed the two suitcases"). Accordingly, we affirm defendant's conviction under Count III. III. III. ____ CONCLUSION CONCLUSION __________ ____________________ 11. Section 955 also requires proof that the cocaine was not part of the cargo manifest or the official supplies of the aircraft. Defendant does not contest the sufficiency of the government's evidence on this element. -11- 11 In sum, for the foregoing reasons, we affirm defendant's conviction under 21 U.S.C. 841(a)(1) and 955. Affirmed. Affirmed. _________ -12- 12