47 F.3d 1167
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Philip BERRYMAN, Plaintiff-Appellant,
v.
Dean REGILER, C. Kukla, and Diane Holzhuer, Defendants-Appellees.
 No. 93-2232.
 United States Court of Appeals, Sixth Circuit.
 Jan. 26, 1995.
 
 On Appeal from the United States District Court for the Eastern District of Michigan, No. 92-75659; Paul V. Gadola, Judge.
 E.D.Mich.
 REVERSED AND REMANDED.
 Before: Merritt, Chief Judge; Keith, and Boggs, Circuit Judges.
 MERRITT, Chief Judge.
 
 
 1
 Plaintiff-appellant Philip Berryman brought suit against several medical staff employees at the Adrian Temporary Facility under 42 U.S.C. Sec. 1983. He alleged that the employees deliberately denied him medical treatment in retaliation for a lawsuit he had filed against a medical staff employee at another Michigan Department of Corrections Facility. At an early stage in the proceedings, the defendants filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), or for summary judgment under Fed. R. Civ. P. 56. The district court accepted the Magistrate's Report and Recommendation and granted the defendants' summary judgment motion. The plaintiff appealed. For the reasons outlined below, we reverse the district court's grant of summary judgment because there is a genuine issue of material fact as to whether Berryman received medical treatment.
 
 I.
 
 2
 Plaintiff, Mr. Berryman, is an inmate in a Michigan Prison. In a complaint which he filed in September 1992, Mr. Berryman states that he was injured after he was hit by a floor buffer and knocked off his feet. Mr. Berryman says that he suffered pain as a result of the injuries he sustained from the accident and that he continues to suffer pain. Plaintiff's Complaint at p 16, Joint Appendix (J.A.) at 5. He alleges that defendants, Dr. Regiler, Nurse Kukla and Nurse Holzhuer, refused to treat him for his injuries in retaliation for a lawsuit he had filed earlier against Nurse Fox. He, thus, attempts to state a claim for violation of his First and Eighth Amendment rights. Defendants responded to Mr. Berryman's complaint with a motion to dismiss for failure to state a claim, or alternatively, summary judgment. The defendants attached affidavits and medical records to their motion. The defendants claim that they treated plaintiff's injuries and always acted in good faith. The medical records indicate that plaintiff was seen by medical personnel on at least four occasions following the accident and was prescribed a course of treatment. Plaintiff filed objections to defendants' motion and attached affidavits containing his own version of events. Plaintiff asserts that the medical records submitted by defendants are forgeries which were prepared solely for litigation and that he was flatly denied treatment for his injuries. Mr. Berryman's affidavits contain statements which, he says, members of the medical staff made when they refused him treatment. For example, Mr. Berryman says that Nurse Kukla refused to treat him, and told him that it was because of that "bastard lawsuit against her friend and fellow nurse, Linda Fox." J.A. at 54.
 
 
 3
 The magistrate issued his report and recommendation on August 13, 1993. The magistrate treated defendants' motion as one for summary judgment. He correctly characterized plaintiff's claim as arising from denial of medical treatment. Nevertheless, the magistrate accepted without explanation that Mr. Berryman had been examined by prison medical staff. Apparently, the magistrate viewed the medical records as dispositive proof of treatment. The magistrate concluded that because plaintiff had been examined, he was really contesting the adequacy of treatment. He then applied the legal standard we endorsed in Westlake v. Lucas, and found that plaintiff's proper remedy is through a state medical malpractice action, not a Sec. 1983 suit. In Westlake, this Court stated that
 
 
 4
 [w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.
 
 
 5
 537 F.2d 857, 860-61 n.5 (6th Cir. 1976). The magistrate next reasoned that plaintiff had not come forward with sufficient evidence of retaliation since defendants were not deliberately indifferent to plaintiff's serious medical needs. The magistrate's report is very short and does not indicate why plaintiff's version of the facts, contained in his sworn testimony, should be rejected.
 
 
 6
 The plaintiff filed extensive objections to the report and recommendation. He argued that the magistrate judge erroneously concluded that plaintiff claimed he had been provided with inadequate medical care, when, in fact, plaintiff contended that he had been entirely denied medical treatment. He also asserted that the magistrate simply overlooked evidence demonstrating that the denial had taken place in retaliation for plaintiff's filing of a complaint against Nurse Fox.
 
 
 7
 On September 13, 1993 the district court accepted the report and recommendation and, without any further discussion, granted summary judgment for defendants. The plaintiff appeals.
 
 II.
 
 8
 The Supreme Court has instructed that summary judgment will not lie "if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In resolving a summary judgment motion, the district court must view the evidence in the light most favorable to the nonmoving party. See Duchon v. Cajon Co., 791 F.2d 43, 46 (6th Cir. 1986). Specifically, the evidence of the nonmoving party must be believed and all justifiable inferences must be drawn in his favor. Anderson, 477 U.S. at 255. The non-moving party, however, must provide more than mere allegations or denials and must do more than charge conspiracy without giving any significant probative evidence tending to support the complaint. Anderson, 477 U.S. at 256. We review the district court's grant of summary judgment de novo.
 
 
 9
 The standards for stating a claim for an Eighth Amendment violation arising from denial of medical care and for a First Amendment retaliation action are well-known and settled law in this Circuit and are not disputed by the parties. To sustain a claim under the Eighth Amendment for denial of medical care, a plaintiff must show that the defendants were deliberately indifferent to the plaintiff's serious medical needs. See Estelle v. Gamble, 429 U.S. 97 (1976) (denial of medical care may result in pain and suffering which no one suggests would serve a penological purpose). This requires that the plaintiff show an objective and subjective component: (1) a sufficiently grave deprivation, such as medical needs; and (2) a sufficiently culpable state of mind. See Brooks v. Celeste, 39 F.3d 125 (6th Cir. 1994). "A prisoner who suffers pain needlessly when relief is readily available has a cause of action against those whose deliberate indifference is the cause of his suffering." Boretti v. Wiscomb, 930 F.2d 1150, 1154 (6th Cir. 1991); see also Westlake, 537 F.2d at 860. The Supreme Court recently held that a prison official acts with deliberate indifference when "he acts with criminal recklessness"; a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm. Farmer v. Brennan, U.S. , 114 S.Ct. 1970, 1980 (1994). To sustain a claim for abridgement of First Amendment rights, the plaintiff must show that the defendants retaliated against him for exercising a constitutionally protected right. It has long been recognized that the lawful resort to the courts is part of the First Amendment right to petition the Government for a redress of grievances. As this Court reaffirmed in Wolfel v. Bates, "a prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penalogical [sic] objectives of the corrections system." 707 F. 2d 932, 933 (6th Cir. 1983) (quoting Pell v. Procunier, 417 U.S. 817, 822 (1974)). The plaintiff need not show that the retaliatory action itself amounted to a constitutional violation, just that the action was taken in retaliation for the plaintiff's exercise of his constitutionally protected rights; in this case, his right of access to the courts. Thus, we held in Crocker v. Tennessee Secondary School Athletic Ass'n, "an otherwise lawful act is actionable when taken in retaliation for the exercise of a constitutional right." 980 F. 2d 382, 387 (6th Cir. 1992).
 
 
 10
 Mr. Berryman's pleadings and affidavits in opposition to defendants' motion for summary judgment do establish a genuine issue of material fact as to both his First and Eighth Amendment claims. Plaintiff has repeatedly contended that he was denied medical care for his injuries and that defendants' actions were in retaliation for his lawsuit against Nurse Fox. The plaintiff has provided detailed testimony about the facts underlying his claim. He describes in his affidavits how he went to the medical clinic for treatment and was forced to sit in a chair in the waiting room without receiving treatment. When he complained, he says that he was told, "there are other prisoners who need real treatment." J.A. at 55. Plaintiff avers that he was told by Nurse Kukla that she would not treat him because of that "bastard lawsuit against her friend and fellow Nurse Linda Fox." J.A. at 54. Plaintiff also testifies that he was denied treatment by Dr. Regiler who said to him that "he would NOT treat the Plaintiff because he [sic] Plaintiff had made allegations against Nurse Linda Fox and if he needed medical treatment he should look to the V.A. to get it." J.A. at 75. Finally, the plaintiff denies that he was ever treated by Nurse Holzhuer. He contends in his testimony that the medical records are forgeries, explaining that a nursing supervisor does not make routine progress reports and that it stretches the bounds of credulity to ask the court to believe that a nursing supervisor gave him treatment.
 
 
 11
 The defendants, for their part, have repeatedly urged that they acted in good faith and have submitted medical records to substantiate their claim that they treated plaintiff. We thus have a situation where the sworn affidavits of each party contradict one another about underlying events which are relevant to the claim. In such a case, a district court should not grant summary judgment because to do so would require the court to go behind the affidavits and make credibility judgments about the witnesses and their testimony without a trial. As the Supreme Court explained in Anderson, "[c]redibility determinations, the weighing of the evidence, and the drawing of the legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict." Anderson, 477 U.S. at 255. In sum, because plaintiff and defendants have both produced colorable evidence disputing virtually all of the essential facts surrounding plaintiff's deliberate indifference claim as well as his retaliation claim, it is impossible to determine, without choosing between these contrasting and supported factual accounts, whether defendants refused to provide plaintiff with medical care or not, and whether this refusal stemmed from their desire to punish him because of his lawsuit against Nurse Fox. Therefore, summary judgment in favor of defendants on plaintiff's deliberate indifference and retaliation claim is reversed.
 
 III.
 
 12
 Plaintiff raises two additional arguments on appeal in opposition to the grant of summary judgment. He first argues that he was denied an opportunity to conduct the discovery needed to enable him to fend off defendants' summary judgment motion. He also argues that defendants' medical records are inadmissible hearsay which, as submitted, do not meet the business records exception to the general prohibition on hearsay. The plaintiff contends that it was error for the district court to rely on inadmissible evidence when it was considering the summary judgment motion. Because we find that plaintiff's testimony is sufficient to withstand the present motion for summary judgment, we do not reach the discovery and evidentiary objections.
 
 
 13
 In their appellate brief, defendants also contend that should plaintiff have enough evidence to withstand a motion for summary judgment, defendants should still prevail because they are entitled to qualified immunity. They raise this issue for the first time on appeal and argue that we should, nevertheless, exercise review because the question presents a pure question of law. The defendants did not raise their qualified immunity defense in their motion below. It is a well-established rule that this Court will not consider claims that are presented for the first time on appeal nor arguments that are not properly raised below. None of the cases that defendants cite stand for the proposition that the qualified immunity defense may be raised and addressed for the first time on appeal. If properly raised on remand, the district court will have ample opportunity to address defendants' qualified immunity defense. Finally, the panel wishes to express its thanks to Ms. Sarah Zearfoss for her pro bono appellate advocacy on behalf of Mr. Berryman. She has performed this work as an officer of the court in the highest traditions of the legal profession.
 
 
 14
 Accordingly, the judgment of the district court is reversed and the case is remanded for further proceedings.