WIDENER, Circuit Judge,
concurring and dissenting:
I.
I concur in the result only of the majority decision as to Eleventh Amendment immunity.*
II.
For some reason not stated in the opinion, the majority expresses “no opinion on the argument, included in the motion to dismiss, that Mason and Grant waived their right to assert sovereign immunity by failing to make that assertion prior to remand after Sales I.” Slip p. 299, n. 4. While the district court, in its opinion of May 17, 1999, similarly avoided the question of waiver, announcing that it “declined to entertain new summary judgment motions by the defendants,” in its order of May 25, 1999, certifying the appeal as frivolous, and even considering Eleventh Amendment immunity, it described “the defense giving rise to the appeal has been waived because it should have been raised and decided prior to the first trial in this case.” And in that order, indeed, it went on to reason that it agreed with the plaintiffs “that these defendants may raise these motions [Eleventh Amendment and qualified immunity] with the court post-trial” because “this approach would promote judicial efficiency and economy.”
The reasons for the treatment of the issue by indirection, both by the district court and the majority, are yet to be explained and, in all events, neither has recognized the decisions of the Supreme Court and our court that Eleventh Amendment immunity may be raised at any time, even on appeal. Edelman v. Jordan, 415 U.S. 651, 677-78, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); Ford Motor Co. v. Department of the Treasury, 323 U.S. 459, 467, 65 S.Ct. 347, 89 L.Ed. 389 (1945); In Re Collins, 173 F.3d 924, 927 (4th Cir.1999).
III.
As to the question of qualified immunity, I respectfully dissent.
The majority depends on Suarez Corp. Industries v. McGraw, 125 F.3d 222 (4th Cir.1997), for the proposition that a claim of qualified immunity can be waived “if not squarely presented” to the district court and that qualified immunity cannot be asserted for the first time on appeal. Suarez did hold that where a claim of qualified immunity had nowhere been mentioned in the case until appeal, it could not be mentioned for the first time on appeal, but it did not hold that the rea-son was that the matter was not “squarely presented to the district court” (italics added). It only used the word “squarely” in deciding that the question had not been presented. In Suarez the defense had not been mentioned until appeal, squarely or otherwise, there *300 fore we followed long-time precedent in not permitting qualified immunity, as any other affirmative defense, to be raised for the first time on appeal.
That strained construction of Suarez is justified in the majority opinion by describing the defense as only “cursorily mentioned.” The emphasis of the majority on what it describes as cursory treatment is shown by its dependence on that adjective, or adverb, as the case may be, in three successive paragraphs of its opinion. Maj. op. pp. 295-96 and 296.
However, on pp. 295-96 of the answers of both of the defendants is the following affirmative defense:
51. The individual defendants are protected by qualified immunity from suit.
Cursive, or cursory, as used here, means “delivered in an offhand or casual manner without great attention to detail.” Webster’s Third New International Dictionary, p. 558.1 suggest that the defendants could hardly have been more explicit in their defense, and that the adjective used by the majority to denigrate the defense is badly out of place.
IV.
The majority concludes that a party who makes a motion for a Rule 50 judgment as a matter of law and prevails, but ultimately has that decision reversed by an appellate court and remanded for new trial, effectively waives the right to assert a previously pleaded affirmative defense during the new trial. In effect, this holding requires that a defendant moving for a Rule 50 judgment assert all possible defenses in his or her motion, as any remaining defenses will be deemed waived. Even more out of place, the majority decision requires a district court to pass on all the theories asserted even if it considers one of them dispositive, as here. Because the defendants in this case explicitly pleaded qualified immunity in their answer, I would hold that defendants have not waived their right to assert this defense on remand. This is particularly true in view of the district court’s order of May 25, 1999 that the defense could be raised after a new trial but not before, which I mention later.
While an affirmative defense such as qualified immunity must be asserted in a responsive pleading, it is “sufficiently raised for purposes of Rule 8 by its bare assertion.” Santos v. District Council of New York City, 619 F.2d 963, 967 (2d Cir.1980). See also Kulzer v. Pittsburgh-Corning Corp., 942 F.2d 122, 125 (2d Cir.1991) (statute of limitations affirmative defense “need not be raised with any rigorous degree of specificity” and bare assertion in answer is sufficient to prevent waiver). Thus, Mason and Grant’s answer, pleading the affirmative defense of qualified immunity, entirely satisfied the requirements of Rule 8(c).
Despite the fact that the defendants effectively pleaded qualified immunity as an affirmative defense, the majority holds that the defendants waived their right to assert qualified immunity on remand prior to the retrial because they did not mention qualified immunity, other than in their answers, in subsequent motions to the district court or during the trial in Sales I. On the contrary, I submit that a defendant who moves for, and is granted, summary judgment based on one ground, in no way waives his other affirmative defenses that have been pleaded, and these defenses are available in the event the case is remanded for a new trial, as here.
Here, the trial court did not rule on the defendant’s summary judgment motion, and took no action disposing of the case until the defendant’s Rule 50 motion was made after receiving the evidence at trial. It is beyond dispute that had the trial court initially denied an early summary judgment motion claim of qualified immunity, defendants would have been able to assert qualified immunity either in a subsequent motion or at trial because qualified immunity may be raised at various and successive stages of a dispute. See *301 Behrens v. Pelletier, 516 U.S. 299, 306-07, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996). A defendant may first raise a qualified immunity defense at the pleadings stage in a motion to dismiss, and “unless the plaintiffs allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery.” Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). Next, a defendant may move for sum-mary judgment and is entitled to such “if discovery fails to uncover evidence sufficient to create a genuine issue as to whether the defendant in fact committed those acts.” Mitchell, 472 U.S. at 526, 105 S.Ct. 2806. Finally, “Mitchell makes it clear that ... decisions with respect to dismissal or summary judgment, if adverse, do not preclude the interposition of the defense of immunity as a defense to liability on the merits.” Kennedy v. City of Cleveland, 797 F.2d 297, 299 (6th Cir.1986).
The problem addressed in this case has been discussed at length in the decision in Kennedy and in the discussion in Behrens v. Pelletier, as follows:
While Mitchell did not say that a defendant could appeal from denial of a qualified-immunity defense more than once,[*] it clearly contemplated that he could raise the defense at successive stages:
“Unless the plaintiffs allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery. Even if the plaintiffs complaint adequately alleges the commission of acts that violated clearly established law, the defendant is entitled to summary judgment if discovery fails to uncover evidence sufficient to create a genuine issue as to whether the defendant in fact committed those acts.” 472 U.S. at 526, 105 S.Ct. 2806 (citation omitted).
Thus, Mitchell clearly establishes that an order rejecting the defense of qualified immunity at either the dismissal stage or the summary judgment stage is a “final” judgment subject to immediate appeal. Since an unsuccessful appeal from a denial of dismissal cannot possibly render the later denial of a motion for summary judgment any less “final,” it follows that petitioner’s appeal falls within § 1291 and dismissal was improper.
Behrens, 516 U.S. 299, 306-07, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996) (italics in original).
A case on facts indistinguishable, for all practical purposes, from those here is Daingerfield Island Protective Society v. Babbitt, 40 F.3d 442 (D.C.Cir.1994). In Babbitt, the court granted summary judgment to the defendant on grounds unrelated to its statute of limitations affirmative defense, which had been pleaded as a defense in defendant’s answer. Babbitt, 40 F.3d at 444. The D.C. Circuit reversed the initial grant of summary judgment and remanded the case to the district court. On remand, the defendant again moved for summary judgment arguing that the action was barred by the statute of limitations. Babbitt, 40 F.3d at 444. This motion was granted, and the plaintiff again appealed, asserting that the defendant had waived its statute of limitations defense. Babbitt, 40 F.3d at 444. The D.C. Circuit held that merely pleading the affirmative defense in the answer satisfied Rule 8(c) and that the defendant did not waive its statute of limitations defense by failing to assert it before the first appeal. Babbitt, 40 F.3d at 444-45. As the court stated, “the government adequately raised the limitations defense in its answer — it was not required to reassert the defense in its subsequent suc *302 cessful summary judgment motion.” Babbitt, 40 F.3d at 445. I suggest that the D.C. Circuit correctly decided the issue and that the majority’s decision to the contrary is not correct.
V.
In sum, in affirming the judgment of the district court, the majority not only goes against the advice of the Supreme Court, which is that questions of qualified immunity are better decided early rather than late, see Mitchell, 472 U.S. at 526, 105 S.Ct. 2806, it holds against all authority that the merits of that defense should not be considered at all. Even the district court apparently relented and would have considered the defense post-trial, as indicated in its order of May 25, 1999.
I would vacate the judgment of the district court and remand the case with instructions to consider the defense of qualified immunity under Behrens and Kennedy v. City of Cleveland.

 The majority decision, for example, affirms the judgment of the district court with respect to Eleventh Amendment immunity. Maj. op. p. 298. But that judgment refused to consider the subject. The majority then decides the Eleventh Amendment question on its merits, having just affirmed the district court which refused to decide the question.

* [Footnote 2] Interestingly, however, Mitchell itself dealt with the second of two interlocutory appeals on immunity claims. See 472 U.S. at 515-19, 105 S.Ct. 2806. Neither the Court of Appeals nor this Court assigned any significance to the successive aspect of the second appeal.